UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IY BY HER PARENT
BRITTANY McLEMORE

VERSUS

BOGALUSA CITY SCHOOL
DISTRICT, *et al.*

CIVIL ACTION

NO. 25-1042

SECTION M (5)

## ORDER & REASONS

Before the Court is the motion of plaintiff IY, by her parent Brittany McLemore, to reconsider this Court's August 12, 2025 Order & Reasons ruling on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In the August 12 order, this Court granted the defendants' motion to dismiss as to: (1) all of plaintiffs' claims against the Bogalusa City School District; (2) plaintiff's Title IX claims against all defendants; (3) plaintiff's procedural due process and equal protection claims arising under 42 U.S.C. § 1983 against all defendants; (4) plaintiff's § 1983 substantive due process and improper search claims against Byron Hurst and Karla McGehee in their individual capacities; and (5) plaintiff's § 1983 substantive due process and improper search claims against the Bogalusa City School Board, and those against Hurst, McGehee, and Eddie Walker in their official capacities.[2] The Court denied the motion as to plaintiff's § 1983 substantive due process and improper search claims against Walker in his individual capacity.[3] Plaintiff, invoking Rules 50, 52, 59, and 60 of the Federal

---

[1] R. Doc. 30 (referencing R. Doc. 25). Plaintiff titles the documents "Plaintiff's Motion for Reconsideration, Vacate and Set Aside, Alteration, Amendment, Relief from Judgment, or Alternatively Grant a New Trial and Memorandum of Law to Support." *Id.*

[2] R. Doc. 25.

[3] *Id.* Walker filed an answer, joining issue, and a scheduling conference has been scheduled. *See* R. Docs. 28; 31.

Rules of Civil Procedure and without citing any new evidence or arguments, urges that reconsideration is warranted because, in her view, the defendants violated Title IX and IY's constitutional rights to procedural and substantive due process, to equal protection, and to be free from improper search.[4]  Plaintiff also seeks reconsideration of this Court's August 14, 2025 Order denying as moot her motion to strike and motion for entry of default, arguing that those motions were timely filed and should have been granted.[5]

Defendants respond in opposition, arguing that reconsideration is not warranted under any of the rules cited by plaintiff, because most of those rules are inapplicable and plaintiff does not present any new arguments that call into question the Court's ruling.[6]  Defendants also argue that the Court properly denied plaintiff's motion to strike and motion for entry of default.[7]

As defendants point out, the rules under which plaintiff seeks reconsideration – Rules 50, 52, 59, and 60 – are inapplicable.  This Court's August 12 Order & Reasons was an interlocutory order that did not result in a final judgment or disposition of the case.  Motions for reconsideration of interlocutory orders are governed by Rule 54(b) of the Federal Rules of Civil Procedure.  Under that rule, a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted).  Rule 54(b) "'reflect[s] the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'"  *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)) (internal quotation marks omitted).  However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting

---

[4] R. Doc. 30.
[5] *Id.* (referencing R. Doc. 27).
[6] R. Doc. 32.
[7] *Id.*

burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (observing that if "the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Prot., LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("[A]lthough a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time.") (emphasis, alterations, and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

Plaintiff has not presented any arguments or evidence in connection with her motion for reconsideration that would establish that defendants' motion to dismiss should have been denied on the claims as to which it was granted. She merely reurges the same arguments and points to the same evidence thoroughly considered in connection with this Court's original ruling on the motion to dismiss. Thus, the motion does not warrant reconsideration. Further, plaintiff has not demonstrated that this Court erred in denying as moot her motion to strike the motion to dismiss. Because the motion to strike was filed *after* the Court ruled on the motion to dismiss, the motion to strike was indeed rendered moot.[8] Moreover, even assuming that defendants' motion to dismiss was untimely filed, the clerk of court had not yet entered default when this Court ruled on

---

[8] R. Doc. 27 (citing R. Docs. 17; 26). Plaintiff states that she was not given the opportunity to respond to "defendants['] untimely filed August 06, 2025 filing." R. Doc. 30 at 2 (referencing R. Doc. 23). The referenced filing was defendants' reply memorandum in support of their motion to dismiss. R. Doc. 23. Local Rule 7.5 allows for the filing of a reply memorandum, but the Local Rules do not automatically permit the filing of a surreply. Thus, plaintiff would have had to seek leave of court to file a surreply, which she did not do. A *pro se* litigant, like plaintiff, is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

defendants' motion to dismiss. The Fifth Circuit has explained that "even in the face of a technical default, such as when a party files its first responsive pleading late, a movant is not entitled to a default judgment as a matter of right." *Bloom v. Mem'l Hermann Hosp. Sys.*, 653 F. App'x 804, 805 (5th Cir. 2016) (citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Thus, this Court properly found that plaintiff's motion for entry of default was rendered moot.

Accordingly, having considered the parties' memoranda, the record, and the applicable law, and for the foregoing reasons,

IT IS ORDERED that plaintiff's motion to reconsider (R. Doc. 30) is DENIED.

New Orleans, Louisiana, this 24th day of October, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE